## THE NETTIE WOODWARD.

WESTERN TRANSIT Co. *et al.*, Intervening, *v.* THE NETTIE WOODWARD.

*(District Court, E. D. Michigan. April 30, 1892.)*

**MARITIME LIENS—PRIORITY—MARITIME TORT—SEAMAN'S WAGES.**

The maritime lien for damages arising from collision takes precedence of the lien for seaman's wages accruing prior to the collision. *The John G. Stevens,* 40 Fed. Rep. 331, and *The F. H. Stanwood,* 49 Fed. Rep. 577, followed.

In Admiralty. On petitions for distribution of proceeds of sale of the schooner Nettie Woodward.

Statement by SWAN, District Judge:

The questions in this case arise upon petitions for distribution of the proceeds of sale of the schooner Nettie Woodward, which was condemned and sold under the process and order of this court at the suit of the original libelant. The proceeds in the registry of the court are insufficient to pay the decree awarded against the vessel. The Western Transit Company holds a decree for damages resulting to its steamer Commodore from a collision in the St. Clair river, for which the schooner was adjudged solely in fault, and asks that its decree may be declared a lien upon the proceeds of sale paramount to those of the intervenors, who are the master and crew of the schooner, and in whose favor decrees for wages accruing prior to the collision have been entered. The master and seamen unite in a petition praying priority of payment of their decrees over that for the damages caused by the collision. The Nettie Woodward is a Canadian vessel, and, under the laws of the dominion of Canada, the master is given a lien for wages co-ordinate with that of the crew.

*W. E. Leonard,* for claimant Phillip Cross.

*Moore & Canfield,* for Western Transit Co.

SWAN, District Judge. The authorities upon the subject have been so ably and exhaustively reviewed in the opinion of Mr. Justice BLATCHFORD in *The John G. Stevens and R. S. Carter,* 40 Fed. Rep. 331, and later in that of Judge JENKINS in the court of appeals for the seventh circuit in the case of *The F. H. Stanwood,* 49 Fed. Rep. 577, that nothing remains to be said upon it. With their reasoning and conclusions I fully concur. In accordance therewith, the order upon these petitions will be that the decree of the Western Transit Company for damages suffered by the collision be first paid out of the fund in the registry before payment of the decrees in favor of the interveners. The costs taxed in favor of the original libelant are secured by the stipulation filed, and are recoverable from the stipulators, and for these execution will issue if necessary. In view of the nationality of the crew and the vessel, the rule applied works no injustice, since it gives the seamen's claims the same relative rank, as against that for the collision, as is accorded by the settled principles of the English admiralty courts.